Sweatt v. Austin & a.

W. & Co., who were engaged in the business of finishing sash, blinds, etc., for A. J. & Co. under a contract, borrowed money from the plaintiff to use in the business, giving him their note therefor. *Held*, that A. J. & Co. were not liable to pay the debt.

Assumpsit. Facts found by a referee. September 1, 1877, the defendants, who were manufacturers of doors, sash, and blinds, etc., at Manchester, entered into a contract with Webster & Co., of Lawrence, Mass., whereby they were to furnish Webster & Co. articles of their manufacture in an unfinished state, which Webster & Co. were to finish and sell for them upon terms stipulated in the contract. While the business was going on under this contract, April 15, 1878, Webster & Co. borrowed from the plaintiff $300, for which they gave him their note, and used the money in the business. When the plaintiff loaned Webster & Co. the money, he had no knowledge of the contract or business relations between them and the defendants. The suit is to recover from the defendants the amount of that loan.

*J. W. Fellows* and *J. F. Briggs*, for the plaintiff.

*Burnham & Brown*, for the defendants.

Smith, J. Webster & Co. had no authority under the written contract to hire money, to buy materials, or to hire labor, on the credit of the defendants. They were not held out to third persons as the defendants' agents for any purpose, and there was nothing in the way in which the business was carried on by Webster & Co. from which such authority could be inferred.

The defendants contracted to furnish a shop and horses and a wagon to be used in the business, and glass and other materials necessary for finishing the goods, and were to be paid the prices stated in the schedules of the unfinished goods, for the materials furnished for finishing, and for the use of the shop and teams. Beyond this they had no claim upon the proceeds of the goods sold, or right to interfere in the disposition made of them. Webster & Co. had authority to sell the finished goods upon credit (guaranteeing payment) to such persons and for such prices as they should see fit, using their best skill and judgment. For their labor, time, and expenses it was agreed that they should receive such sum as might remain after paying the defendants as above stated. They had the exclusive right to hire help, and such persons as they chose, and at such prices as they might agree upon, and generally the right to manage the business as they might see fit, without dictation or interference from the defendants. All

the profits of the business, if any were made, belonged to them, and the losses were to be borne by them.

While the property in the unfinished goods remained in the defendants, Webster & Co. had a lien on them for all advances, labor, and materials furnished. The stipulation in the contract that Webster & Co. should " keep a strict and exact account of all goods sold, and of all goods or things bought, upon books belonging to the said Austin, Johnson & Co.," did not give them authority to buy materials upon the defendants' credit.

The plaintiff claims to recover, upon the ground that the money borrowed by Webster & Co. went into the defendants' business and enured to their benefit. The referee reports that the money " went into the business at Lawrence of Webster & Co. carried on under this contract." It is true that the money was used by Webster & Co. in finishing the goods of the defendants ; but the goods were in the hands of Webster & Co., under a contract to be finished at their expense. The finishing was their business and for their benefit. The money came to their use. The defendants are no more liable to the plaintiff, than a person who leaves cloth with a tailor to be made into a coat for a stipulated price is liable to the unpaid journeyman whom the tailor employs to sew it, or the person who takes his horse to the blacksmith to be shod is liable to the merchant for the iron used in the making of the shoes.

Whether the testimony as to the plaintiff's conversation with Johnson was admissible (G. L., *c.* 228, *s.* 16) need not be considered. There was no admission that the defendants were liable for the debt, and the elements of an estoppel are wanting. *Horn* v. *Cole,* 51 N. H. 287.

The defendants are entitled to judgment on the report.

*Case discharged.*

BLODGETT, J., did not sit : the others concurred.